Eeade, J.
 

 His Honor’s instructions to the jury, as to what constitutes perjury, are well sustained by the authorities. It is not true that there can be no peijury where a man believes what he swears. He ought, at least, to have probable cause for his belief. If a man swear to a matter, of which he has no knowledge, although he believes it to be true, and although it turns out to be true, it is perjury; for, where there is this kind of rashness and corruption, the law implies malice. 6 Binny, 240.
 

 His Honor was asked to charge the jury that they must be satisfied beyond a reasonable doubt before they could convict, and he declined to give the instruction,] saying that it did not apply to misdemeanors, but only to capital felonies. If his Honor had stopped there we should feel obliged to grant a
 
 venire de novo,
 
 as we have no hesitation in saying that the certainty to which a jury should be brought before rendering a verdict of
 
 guilty
 
 is the same for all grades of criminal offences.
 

 What amount of evidenoe in any particular case will remove reasonable doubt is a question solely for the jury, and will be met by the parties with more or less success as they know more or less of human nature in general, or of the particular temper of the jury before them. Whatever be the difficulty involved in it, it is not met by any rule of law. In one case it may be
 
 simply
 
 the greater improbability of the commission of such an offence that will suggest the necessity of introducing more evidence than in a different
 
 *314
 
 case. As an example of this we see that in practice some misdemeanors require more evidence than others, although, as regards punishment, of the same grade: more than this,
 
 assaults
 
 have been charged that were of an enormity so great as to demand for their proof more testimony than in some cases probably would have secured a conviction of
 
 mu/rder.
 
 So again a knowledge of the
 
 consequences
 
 of a conviction to the prisoner, may of itself arouse in the jury so keen a sense of their responsibility to the truth, as reasonably to induce the prosecutor to add other evidence to what would have sufficed for a conviction in a case of less consequence. For instance, as a matter of law it is not easy to say why a charge of horse-stealing should require more evidence for its establishment now than it did before the passage of the late act rendering it capital; yet in practice it may be safe to presume that it will.
 

 Observations of this sort should not be confounded with the rule which defines the amount of effect which must be produced upon the minds of the jury in order to justify conviction. Whatever be the charge, the law requires that the evidence shall produce that result which very, commonly is described as involving an absence of “ reasonable doubt,” but which may be denoted as well by other language; as, for instance upon the whole, by that which here has been employed by the court below. We have taken occasion recently to say that there is no
 
 formula
 
 in the phrase “reasonable doubt.”
 
 State
 
 v.
 
 Sears, ante,
 
 146. What is demanded is that the jury shall be fully satisfied of the truth of the charge, due regard being had to the presumption of innocence,
 
 (a presumption for all grades of
 
 offences,) and to the consequent rule as to the burden of proof.
 

 Let this be certified, &c.
 

 Pee Curiam. There is no error.