## STATE v. CORA HICKS.

(Decided November 7, 1899.)

*Murder in Second Degree—Infant Criminal—Child Murder*
*—Doli Capax.*

1. A special instruction in reference to murder in the first degree
   need not be passed upon when the verdict is for murder in
   the second degree.

2. Where there was no element of manslaughter in the case, the
   Court properly refused to submit a hypothetical view of man-
   slaughter to the jury.

3. Where his Honor, by varied and amplified expressions, impresses
   upon the jury the idea that before they can find the accused,
   a child between seven and fourteen years of age, capable of
   committing crime, they must be fully satisfied from the evi-
   dence that the accused was capable of a mischievous discre-
   tion and of forming an intention to commit crime, the charge
   meets the requirements of the law.

4. The certainty requisite to a verdict of guilty is the same for all
   grades of criminal offenses.

5. Since the Act of 1893, the killing being proved, and nothing else
   appearing, the law presumes malice, but not premeditation
   and deliberation, and the killing is murder in the second
   degree.

INDICTMENT for murder, tried before *Bryan, J.,* and a
jury at May Term, 1899, of the Superior Court of DURHAM
County.

The prisoner, a child of about eleven years of age, was in-
dicted for the murder of Annie Belle Justice, a child of about
two years of age, by fatally burning her.

The evidence, the Judge's charge, and the exceptions
thereto, are sufficiently stated in the opinion.

There was a verdict of guilty of murder in the second

degree.    Judgment of imprisonment in the State Prison, for seven years.    Appeal by the defendant to the Supreme Court.

*Messrs. Manning & Foushee,* for appellant.
*Mr. Zeb. V. Walser,* Attorney-General, for the State.

MONTGOMERY, J.    The defendant, a child of 11 years of age, according to the testimony of one witness, and of 14, according to the testimony of another, was convicted of murder in the second degree at the May Term, 1899, of Durham Superior Court.    The deceased was an infant just beginning to walk, and was being nursed by the defendant.    The principal evidence upon which the defendant was convicted was the testimony of Sally Leathers, as follows:    "Was there when the body was burned; it was after 12 m.; Cora took body by the heels, and had her head between her legs holding it more on one side than the other, and sat it in some hot ashes where they had been cooking ash-cakes; baby screamed.    She then smacked it on the jaws; laid baby on the foot of the bed; got some soda and rubbed it on.    She said she did it to scare it, but didn't go to burn it.    Baby had on a diaper when she came over that morning, but not when put on the ashes. Cora took it off just before burning baby.    She pulled the clothes behind the baby, didn't let them burn."

The defendant, as a witness in her own behalf, denied that she burnt the child, and said she did not know how the burning occurred.

It is unnecessary to discuss the first exception further than to say that, even if his Honor was in error in refusing to charge the jury, at the request of defendant's counsel, that there was no evidence of murder in the first degree (which we do not pass upon), no harm was done, for the jury returned a verdict of murder in the second degree.    There was

no element of manslaughter in the case, and the Court properly refused to submit a hypothetical view of manslaughter to the consideration of the jury.

This view of the case disposes of all of the defendant's exceptions based upon his Honor's refusal to submit the question of manslaughter to the jury.

On the matter of the presumption of incapacity to commit crime, in favor of infants, the Court instructed the jury that an infant under seven years of age could not be shown,even upon the clearest evidence,to entertain a criminal intention; but that if the age of 7 had been reached, the State could prove that such a person was of sufficient capacity to entertain a criminal intention. In the same connection, he further said: "This presumption of incapacity to commit crime may be rebutted by clear and strong evidence of a mischievous discretion, a discretion to discern between good and evil, or by proof that she (defendant) knew the act was wrong, and that she had knowledge of good and evil, and of the peril and danger of the offense, and the fact of guilty knowledge must be distinctly made out. If she understands the nature and consequences of her acts, and the act indicates intelligent design and malice, she may be convicted." It might have been better if his Honor had instructed the jury that they should be "fully satisfied" that the defendant was *doli capax,* or that they should be satisfied "beyond a reasonable doubt" of her capacity to entertain a criminal intention; but we are not prepared to say that his Honor's charge was erroneous.

In the case of *State v. Sears,* 61 N. C., 146, the Court said: "Whenever it appears that the Judge has been careful to impress upon the jury the great principle that the innocent must in no case be convicted, we must hold that to be sufficient, without regard to the particular form of language which may be used." If it be conceded that the same degree of

proof is necessary to show that an infant over seven and under fourteen years of age is capable of a mischievous discretion, of forming an intention to commit crime, as is required to convict a person of full age of crime, the charge of his Honor, we think, meets the requirement. It is impossible that the jury could have misunderstood their duty under the instructions given.

The question as to whether the same degree of proof was necessary to the conviction of crime in both misdemeanors and felonies was debated in the argument here. The matter was decided in *State v. Knox,* 61 N. C., 312, where the Court said: "We have no hesitation in saying that the certainty to which a jury should be brought before rendering a verdict of guilty is the same for all grades of criminal offenses." His Honor, upon the degrees of murder, charged the jury that, "Where the killing is admitted or proved, and nothing else appearing, the Court charges you that no presumption is raised that it is murder in the first degree, and unless the circumstances show, beyond a reasonable doubt, that there was a deliberate, premeditated, preconceived design to take life, it is murder in the second degree;" and further, "If the jury is not satisfied beyond a reasonable doubt that the killing was done willfully, deliberately, and with premeditation, then you will inquire whether the killing is murder in the second degree." "In this case, if the jury are satisfied, beyond a reasonable doubt, that the defendant killed the deceased by burning, then the burden is shifted to the defendant to show that it is not murder in the second degree."

These instructions were perfectly fair to the defendant. As we have said, there was no element of manslaughter in the case, for the defendant denied that she burnt the child, and said that she did not know how the burning occurred; and

STATE *v.* HICKS.

the testimony of Sally Leathers showed that there was no provocation for the act, even if a child 2 years old could give provocation, to reduce a killing from the grade of murder to that of manslaughter.

Before the passage of the Act of 1893, chap. 85, when the killing was proved to have been done with a deadly weapon, the law presumed malice, and that made the killing murder in the first degree. Since the Act of 1893, the killing being proved, and nothing else appearing, the law presumes malice but not premeditation and deliberation, and the killing is murder in the second degree. *State v. Gadberry,* 117 N. C., 811; *State v. Finley,* 118 N. C., 1161; *State v. Booker,* 123 N. C,. 713.

It is a sad spectacle, that of the incarceration of a child 11 years of age in the State's Prison for the crime of murder, but the trial was had by a Judge who saw it properly and humanely conducted, and she has been convicted under the law of the land.

Affirmed.