STATE v. HENRY CHARLES.

(Filed 20 December, 1912.)

1. Appeal and Error—Printing Record—Deposit for Cost—Laches.

If the record has not been printed, and appellant has failed to make the deposit in the clerk's office required to cover the cost of printing the same, on motion duly made, under the rule of this Court, the appeal will be dismissed for failure to print the

record as required by the rule, the laches in the case being imputable to the party appealing and not to his attorney.

**2. Instructions—Criminal Actions—Reasonable Doubt—"Fully Satisfied"—Burden of Proof—Words and Phrases.**

On trial for a criminal offense, the judge is not held to any set formula as to reasonable doubt, in his instruction upon the quantum of proof in order to convict, and, upon conflicting evidence, an instruction that the jury "must be fully satisfied of defendant's guilt before they can convict him," is not erroneous.

APPEAL by defendant from *Allen, J.,* at July Term, 1912, of FORSYTH.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Attorney-General for the State.*
*Folger for defendant.*

WALKER, J.  This is a motion to reinstate the case, which was dismissed 7 November, 1912, at this term, on motion of the Attorney-General, for failure to file an appeal bond, or to print the record, or to assign errors.  Counsel of defendant base the motion to reinstate the appeal upon the ground that the appeal bond was filed with the clerk of the Superior Court on 2 November, 1912, and was mailed to the clerk of this Court at once, but failed to reach him, and was returned to the clerk who mailed it, for the lack of sufficient postage.  It was thereupon mailed again, but was received by the clerk of this Court too late, as the case had been dismissed.  Defendant says that he did not print the record for that he was relying on the clerk of this Court to do so, as he had filed a bond, or supposed it had been filed here.  But this is not a sufficient excuse.  If the clerk of the Superior Court had failed inadvertently to stamp his letter to the clerk of this Court, it might furnish some ground for indulgence to the appellant, but as to the failure to print the record, the invariable rule and practice of the clerk's office here is to require a sufficient deposit to cover the cost of printing, and this is a wise rule, for if the appellant succeeds in this Court, the clerk would practically have no recourse against any one for the cash advanced by him for the printing

of the record. It is our opinion, therefore, that the defendant, not his counsel, was guilty of laches in failing to print the record, and for this reason, and because no errors are assigned, we deny the motion to reinstate. But we have, nevertheless, most carefully examined the case on appeal and the record, and find no error therein. The only question which should be considered is the one raised by the exception to the judge's instruction, that the jury must be fully satisfied of defendant's guilt before they can convict him, and if they are not fully satisfied that he sold the liquor to David Wilson, as charged in the indictment, they should acquit him. The defendant's counsel contend that this charge deprived defendant of the benefit of the doctrine of reasonable doubt. We do not think so. In explaining to the jury the rule as to a reasonable doubt and the correlative one as to the presumption of innocence, no particular or set form of words is prescribed by the law for the use of the judge. It was said in *S. v. Parker,* 61 N. C., at p. 477: "All that the law requires is that the jury shall be clearly instructed that, unless after due consideration of all the evidence, they are 'fully satisfied' or 'entirely convinced,' or 'satisfied beyond a reasonable doubt' of the guilt of the prisoner, it is their duty to acquit, and every attempt on the part of the courts to lay down a 'formula' for the instruction of the jury, by which to 'gauge' the degrees of conviction, has resulted in no good." The matter was strongly put by *Judge Reade* in *S. v. Sears,* 61 N. C., 146, in which the prisoner had requested the court to instruct the jury that "they must be satisfied beyond a reasonable doubt," which prayer he refused, and then charged that they must be fully satisfied. It was said by the Court: "His Honor had charged the jury that 'they must be satisfied, fully satisfied, etc.' 'Fully satisfied' is at least as favorable for the defendant as 'satisfied beyond a reasonable doubt.' For the latter implies that there may be a conviction, although there may be ever so many doubts other than reasonable. But *fully satisfied* is to the exclusion of all doubts, reasonable or other. It is said that it is difficult for the jury to understand what 'fully satisfied' means. It is at least as difficult for them to

understand what 'reasonable doubt' means. The error consists in supposing that any particular formula of words is necessary, or that any have been prescribed. It is a great first principle, founded in justice as well as in humanity, that the innocent shall in no case be punished. It follows that before any one can be punished there must be a certainty of his guilt." Again in *S. v. Knox,* 61 N. C., 312, the Court, by *Judge Reade,* considered the same question and arrived at the same conclusion, using this language: "Whatever be the charge, the law requires that the evidence shall produce that result which very commonly is described as involving an absence of 'reasonable doubt,' but which may be denoted as well by other language; as, for instance, upon the whole, by that which here has been employed by the court below. We have taken occasion recently to say that there is no formula in the phrase 'reasonable doubt.' *S. v. Sears, ante,* 146. What is demanded is that the jury shall be fully satisfied of the truth of the charge, due regard being had to the presumption of innocence (*a presumption for all grades of offenses*), and to the consequent rule as to the burden of proof." These cases have been often cited and approved. Reviewing them and citing the cases of *S. v. Norwood,* 74 N. C., 247, and *S. v. Gee,* 92 N. C., 761, with approval, we said in *S. v. Adams,* 138 N. C., 688: "The presiding judge may select, from the various phrases which have been used, any one that he may think will correctly inform the jury of the doctrine of reasonable doubt, or he may use his own form of expression for that purpose, provided, always, the jury are made to understand that they must be fully satisfied of the guilt of the defendant before they can convict him." And again: "If the judge charges the jury in substance that the law presumes the defendant to be innocent, and the burden is upon the State to show his guilt, and that upon all of the testimony they must be fully satisfied of his guilt, he has done all that the law requires of him, the manner in which it shall be done being left to his sound discretion, to be exercised in view of the facts and circumstances of the particular case."

There was ample evidence to support the verdict of the jury. The prosecuting witness testified positively and directly to the

161—19

fact of sale, under circumstances which gave weight and force to his testimony, and the defendant's witness, who was introduced to contradict him, was thoroughly discredited, if the jury believed the two State's witnesses, and they seem to have done so.

We have considered the case on its merits, notwithstanding the failure to comply with the rules of this Court, which are simple in form and perfectly intelligible. Their enforcement is absolutely necessary to the proper transaction of the business of this Court.

Motion denied.