STATE v. A. A. HEGE.

(Filed 9 November, 1927.)

**1. Intoxicating Liquor—Spirituous Liquor—Statutes—Possession.— Evidence—Nonsuit—Questions for Jury.**

On a trial under an indictment for violating the Turlington Act (ch. 1, secs. 2 and 10, Public Laws of 1923), charging the unlawful possession of intoxicating liquors, evidence in behalf of the State tending to show that the defendant in erecting a gasoline station some distance from the dwelling in which he lived, and at the time of the search he had concealed on the premises of the gasoline station two barrels, in each of which several gallons of whiskey were found: *Held*, sufficient to take the case to the jury on defendant's motion to dismiss upon the State's evidence: *Held further*, evidence of such possession before the enforcement of the act in question is no defense thereunder.

**2. Same—Unlawful Sale.**

Where on a trial for unlawful possession of intoxicating liquor inhibited under the Turlington Act, there is evidence tending to show that on the premises of the defendant's gasoline station and store two barrels partly containing whiskey were found concealed, buried in the

ground and encased in concrete of the same character and material as the filling station, etc., testimony of the officer that the barrels, from the indications, had thus been there since the building of the station and store, is competent as tending to show that the possession of the whiskey was for an unlawful purpose.

**3. Same—Appeal and Error—Harmless Error.**

Testimony in this case that the defendant when arrested for violating the Turlington Act, told the officer arresting him that once he had been an officer of the law, is held under the facts of this case immaterial to the issue, and at most, its admission was error nonprejudicial to the defendant.

**4. Indictment—Intoxicating Liquor — Spirituous Liquor — Sufficiency of Allegations.**

Where the indictment sufficiently charges the offense of the unlawful possession of whiskey under the inhibition of the Turlington Act, a charge negativing the exception making it lawful to have such possession for family purposes, etc., is unnecessary to a conviction. 3 C. S., 3411(b). Turlington Act., sec. 10.

**5. Instructions — Interpretation — Construed as a Whole — Appeal and Error.**

An instruction appealed from should be construed contextually as to its related parts, and not disconnectedly, and error then made to appear.

**6. Criminal Law—Burden of Proof—Reasonable Doubt.**

The reasonable doubt beyond which the State, in a criminal action, must show guilt of the offense charged, is not one which is vain or imaginary, but one based upon reason and arising from the evidence in the case. *S. v. Sigmon*, 190 N. C., 690, cited and approved.

**7. Criminal Law—Evidence—Admissions.**

Where the defendant is indicted for violating the Turlington Act by having the unlawful possession of whiskey, testimony of the officers making the arrest that the defendant said at the time thereof that he had been caught and there was no use to deny it, is competent as an admission of guilt by the defendant.

APPEAL by defendant from *Clayton Moore, Special Judge,* and a jury, at May Term, 1927, of FORSYTH. No error.

The bill of indictment against defendant contained five counts for violation of the prohibition law. The only count that needs to be considered is the fourth, as follows: "That A. A. Hege, late of the county and State aforesaid, on the day and date aforesaid, with force and arms, at and in the county aforesaid, unlawfully did possess intoxicating liquor, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

The verdict of the jury was "Guilty," and upon this verdict his Honor pronounced judgment. From the judgment rendered defendant appealed to the Supreme Court.

The material assignments of error and necessary facts will be considered in the opinion.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. D. Slawter and Folger & Folger for defendant.*

CLARKSON, J. The State's evidence, stated briefly, showed: The defendant lived about a mile from the city limits of Winston-Salem, on a public road three-fourths of a mile from the Lexington Road. About 100 yards from his residence he had a filling-station and little store. The chief of police of Winston-Salem had a search warrant, and with a deputy sheriff and others searched the store. They found two barrels with whiskey in them in the basement; one barrel had a fraction over two gallons, and one had less than two gallons. The barrels were buried in the ground back of a cement wall 6 feet high, 5 to 6 inches thick, and covered over on top with 4 or 5 inches of dirt. The barrels were concealed. A State's witness testified that defendant stated, "We just caught him; that is all there was to it; there is no use denying it or telling a story about it." The capacity of the barrels was about 30 gallons each. The barrels had a sheet of concrete in front and on top of them, a sheet not so much thicker than your hand, and through this was a bung with a stopper placed in that. The cement wall had to be torn down to get the barrels out. The defendant admitted he put the barrels in at the time the foundation of the store was laid. The defendant introduced no evidence.

"Chapter 1, section 2, Laws 1923 (known as the 'Turlington (or Conformity) Act'), is as follows: 'No person shall manufacture, sell, barter, transport, import, export, deliver, furnish, purchase or possess any intoxicating liquor, except as authorized in this act; and all the provisions of this act shall be liberally construed, to the end that the use of intoxicating liquor as a beverage may be prevented. Liquor for nonbeverage purposes and wines for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished, and possessed, but only as provided by Title II of "The Volstead Act," act of Congress enacted 28 October, 1919, an act supplemental to the National Prohibition Act, "H. R. 7294," an act of Congress approved 23 November, 1921.'" *S. v. McAllister,* 187 N. C., at p. 401. See 3 C. S., 3411(b); *S. v. Hammond,* 188 N. C., p. 602; *S. v. Pierce,* 192 N. C., p. 766; *S. v. Mull,* 193 N. C., p. 668.

STATE *v.* HEGE.

Evidence tending to show that the defendant had intoxicating liquor in his possession before the passage of the Turlington or Conformity Act, is not a defense under its provisions for the defendant's possession a year thereafter upon an indictment under the act of possessing intoxicating liquors. *S. v. Knight,* 188 N. C., 630.

Section 10 of the Turlington or Conformity Act is as follows: "From and after the ratification of this act the possession of liquor by any person not legally permitted under this act to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this act. But it shall not be unlawful to possess liquor in one's private dwelling while the same is occupied and used by him as his dwelling only, *provided* such liquor is for use only for the personal consumption of the owner thereof, and his family residing in such dwelling, and of his bona fide guests when entertained by him therein." 3 C. S., 3411(j).

In *S. v. Winston, ante,* p. 243, it is held that a person cannot purchase intoxicating liquor and then transport same to his private dwelling used and occupied by him as such for his personal consumption or his family or bona fide guests when entertained by him therein. He is both guilty of purchasing and transporting. The possession may, within the statute, be either actual or constructive. *S. v. Meyers,* 190 N. C., p. 239.

The assignment of error as to the officer giving his impression, from indications about the premises, that the barrels had been where they were found ever since the store had been built, cannot be sustained. *Comrs. v. George,* 182 N. C., p. 414; *Kepley v. Kirk,* 191 N. C., p. 690. In fact this was admitted by the defendant.

The assignment of error as to evidence by the officers that they had searched the defendant's premises at least a half dozen times previous to this successful search, and denial was made by defendant that "he had a drop of whiskey in his house," cannot be sustained.

"In *S. v. Tate,* 161 N. C., 286, it is held: 'But such flight or concealment of the accused, while it raised no presumption of law as to guilt, is competent evidence to be considered by the jury in connection with the other circumstances. 12 Cyc., 395; 21 Cyc., 941.'" *S. v. Adams,* 191 N. C., at p. 527.

The assignment of error in regard to the question asked the defendant if he had not told the officer that he had been an officer himself, cannot be sustained. It was immaterial and harmless. A State's witness testified the defendant admitted he was caught, and there was no use of denying it or telling a story about it.

34—194

The assignment of error in the refusal to arrest the judgment as the indictment did not charge an offense, cannot be sustained. It is contended by defendant "it is not unlawful to possess liquor, but it is unlawful to possess liquor at a place other than one's dwelling. Therefore, when the bill of indictment simply charges, as in this case, that the defendant did possess intoxicating liquor, the charge is incomplete." The indictment is under section 2, 3 C. S., 3411(b). The exception in section 10, C. S., 3411(j), need not be negatived in the indictment. *S. v. Hammond, supra; S. v. Moore,* 166 N. C., p. 284. In section 10 the possession is prima facie evidence that the person kept it for sale, etc. *S. v. Mull, supra.*

The assignment of error as follows cannot be sustained: "But if you find it (meaning liquor) was not in his dwelling, but that he had it in his possession in this garage or outbuilding, according to the contention of the State, which was some feet removed, then his possession there would be unlawful under the statute." The first part of the charge is omitted, as follows: "Gentlemen of the jury, it would be necessary for you to be satisfied beyond a reasonable doubt that this whiskey was not in the dwelling, and the court charges you if you find from this evidence it was in his dwelling, then the possession would not be necessarily unlawful." *S. v. Pierce, supra.*

Assignment of error as follows cannot be sustained: "The court charges you if you find this whiskey was not in the dwelling-house where the defendant lived and at his habitation, but was in an outbuilding as has been testified to, if you find from the evidence beyond a reasonable doubt that it was whiskey, then the court charges you it would be your duty to return a verdict of guilty on that count." The following is the balance of this part of the charge not excepted to: "But if you are not so satisfied, gentlemen of the jury, beyond a reasonable doubt on that count, it would be your duty to return a verdict of not guilty." The charge of the court must be construed as a whole and not disjunctively. The court below had charged the jury before that the burden was on the State to satisfy them beyond a reasonable doubt of the guilt of the defendant. The court also charged, though not requested *(S. v. Boswell, ante,* 261), that defendant was presumed to be innocent until the State proved he was guilty beyond a reasonable doubt.

The court charged the jury that they must find beyond a reasonable doubt that there was whiskey in the barrels and it was intoxicating liquor—that is, that it contained one-half of one per cent alcohol capable of producing intoxication. There was no error in this instruction. *S. v. Sigmon,* 190 N. C., at p. 690.

The court below defined reasonable doubt: "Now reasonable doubt in North Carolina is not a vain, imaginary doubt; it means a doubt based upon reason, so the jury would be satisfied to a moral certainty. It is not an imaginative doubt at all." This is approved in *S. v. Sigmon, supra*. The whole charge was full and clear, and the case was tried with fairness to the defendant. In fact, all the evidence for the State showed that the filling-station and little store was 100 yards from the defendant's residence and had no connection with the residence. All the witnesses for the State testified that whiskey was found in the barrels. Defendant himself admitted that he was "caught and there was no use denying it and telling a story about it." No evidence was introduced by defendant to contradict this admission.

The evidence in the case discloses a flagrant violation of law of which defendant has been convicted. Defendant, an owner of a filling station, concealed in the basement of the store connected with the station two barrels with whiskey in them. This intoxicating liquor which, if sold to his customers who bought gasoline for their automobiles, would no doubt have the effect of having drivers of automobiles on the public highways drinking and dangerous to the life and limb of men, women and children. When the foundation of the store was laid, with premeditation and deliberation, he put the barrels to hold whiskey in, which were ingeniously concealed and covered up. A concealed blind tiger, hard to catch. The officers searched his place time and time again before they caught him. The searching was brought about by evidence in possession of the officers.

On 27 May, 1908, the people of North Carolina voted "Against the manufacture and sale of intoxicating liquors" by a majority of 44,196 votes. This State, in upholding the Eighteenth Amendment to the Constitution of the United States (46 States ratified it, including this State, and 2 against), by an overwhelming majority passed what is known as the Turlington or Conformity Act, not only conforming to the National Act, but making the State Act more stringent. In this State there has been no negative nullification, but positive appropriate legislation to enforce the National Act.

The defendant has deliberately violated the law of his Nation and his State—a law of moral uplift and economic worth, proven to be a blessing and benediction to the human family. In law we can find

No error.