STATE v. BILLY JAMES POTTS.

(Filed 15 December, 1965.)

**1. Criminal Law § 106—**

The court is not required to define "reasonable doubt" in its charge to the jury.

**2. Criminal Law § 148—**

A defendant who has obtained a *certiorari* must perfect his appeal and file a proper case on appeal within the time required or the proceedings will be dismissed.

THIS case was tried at the July Criminal Session 1964 of MECK-LENBURG. No appeal was perfected pursuant to the appeal entries. We allowed *certiorari* 22 September 1965.

The defendant was convicted of breaking and entering and the larceny of property of the value of less than $200.00, and of the larceny of six automobiles of the value of more than $200.00 each. The cases were consolidated for trial.

When we allowed *certiorari* we set the case for argument at the call of the Fourteenth and Seventeenth Districts. Cases to be argued

at the call of those districts were required, under our Rules, to be docketed in this Court on or before Tuesday, 2 November 1965. No case, in compliance with our Rules, has been docketed.

*Attorney General Bruton, Asst. Attorney General James F. Bullock for the State.*
*Charles V. Bell for defendant.*

PER CURIAM. Defendant, through his counsel, instead of preparing a case on appeal in accord with the Rules of this Court, merely brings forward the charge of the court below.

Defendant undertakes to assign as error the failure of the court below to charge the jury as to the meaning of "reasonable doubt." Defendant made no request that the court below define the phrase "reasonable doubt." Therefore, if we had a valid case on appeal and an exception to the charge in this respect, it would be feckless. *S. v. Browder*, 252 N.C. 35, 112 S.E. 2d 728.

The defendant having failed to perfect his appeal within the time required, and having failed to file a proper case on appeal within the time required, on motion of the Attorney General that the judgments of the lower court be affirmed and the appeal dismissed, as provided by Rules 5, 17 and 19, Rules of Practice in the Supreme Court, 254 N.C. 786, *et seq.*, the judgments entered below are affirmed and the appeal is dismissed.

Appeal dismissed.