STATE OF NORTH CAROLINA v. WILLIE FLIPPIN

No. 79

(Filed 15 March 1972)

**1. Rape § 1— offense defined**

Rape is the carnal knowledge of a female person by force and against her will.

**2. Rape § 1— carnal knowledge defined**

Carnal knowledge is effected in law if there is the slightest penetration of the female sex organ by the male sex organ.

**3. Rape § 6— failure to submit lesser included offenses**

The trial court in a rape prosecution did not err in failing to submit to the jury the lesser included offenses of assault with intent to commit rape and of assault on a female, where the State's evidence was positive as to each and every element of the crime of rape and there was no conflict in the evidence relating to any element thereof. G.S. 15-169; G.S. 15-170.

**4. Criminal Law § 112— instructions on reasonable doubt**

Although the court is not required to define reasonable doubt absent a request, when it does define that term, the definition must be substantially correct.

**5. Criminal Law § 112— instructions on presumption of innocence**

When the trial judge charges correctly on reasonable doubt, he is not required to charge on the presumption of innocence unless there be a special request for such charge.

**6. Criminal Law § 112— instruction on reasonable doubt**

The trial court's instruction that a reasonable doubt is "doubt based on reason and common sense arising from the evidence in the case or the lack of evidence as to any fact necessary to constitute guilt" *held* sufficient.

**7. Criminal Law § 122— jury's inquiry regarding parole**

 The trial court in this rape prosecution properly declined to answer an inquiry by the jury foreman regarding defendant's eligibility for parole if given a life sentence and adequately instructed the jury that the question of parole was not a proper matter for their consideration.

APPEAL by defendant from *Exum, J.,* at 12 July 1971 Criminal Session of ROCKINGHAM Superior Court. This case was docketed and argued at the 1971 Fall Term as Case No. 142.

Defendant was charged with rape. He was duly arraigned, and entered a plea of not guilty through his counsel.

The State offered evidence which, in substance, tended to show:

Nancy Jane McCraw, age 13, testified that the McCraw family lived in a rural section of Rockingham County and that up until a short time before the alleged rape defendant had lived nearby. On 16 May 1971, Nancy, her sister Brenda, age 15, her brother Frank, age 10, her brother George, age 9, her father, and defendant went down to a barn to see a pet cow. After a few minutes Nancy's father and Brenda returned to the house. Shortly thereafter defendant grabbed Nancy by the arm and forced her to leave the barn with him. He persuaded Frank to go home by giving him some keys. George would not leave. Defendant took Nancy into the back room of an unoccupied house and tried to remove her shorts and panties. George followed them into the house, where he protested defendant's actions and called defendant names. At one point Nancy managed to free herself and run towards her home, but defendant caught her and, despite her resistance and screams, forced her to a tobacco barn, where he again tried to remove her clothes. George followed and continued to harass defendant. Defendant then took Nancy from the barn, across a field, and into the woods, where he completed the rape. Nancy testified, in part:

 ". . . After he had done that and got me on the ground he er took his organ out. That is when he raped me. He put it in me and penetrated me and it hurt. During the time that he was putting me on the ground and getting on top of me I was trying to get loose, get aloose, get away. I was pushing his chest away. I hollered for

George. I shuffled with him. He did not say anything to me while he had me down. He held me down about ten minutes."

After defendant released Nancy, she ran home and told her family what had happened. Defendant fled in another direction. Nancy's family called the Sheriff's Department and took her to a hospital in Reidsville.

Dr. I. K. Bass, who was qualified as an expert in medicine, testified that he examined Nancy in the emergency room of the hospital and found bruises and scratches on her leg, and a large bruise on her right shoulder. During the course of his examination he made two vaginal smears, which he gave to Dr. Cecil R. Burkhart, an expert pathologist, for analysis. Dr. Burkhart testified that one of the smears that he received from Dr. Bass showed the presence of male sperm.

The other evidence offered by the State was cumulative and tended to corroborate the testimony of Nancy McCraw.

Defendant offered no evidence.

The jury returned a verdict of guilty of rape with a recommendation for life imprisonment.

*Attorney General Morgan, Assistant Attorney General Burley B. Mitchell, Jr., and Associate Attorney General Edwin M. Speas, Jr., for the State.*

*Price, Osborne & Johnson, by D. Floyd Osborne, and Gwyn, Gwyn & Morgan, by Melzer A. Morgan, Jr., for defendant.*

BRANCH, Justice.

Defendant assigns as error the failure of the trial judge to instruct the jury that they could return a verdict of assault with intent to commit rape or of assault on a female.

[1, 2] Rape is the carnal knowledge of a female person by force and against her will. *State v. Primes,* 275 N.C. 61, 65 S.E. 2d 225; *State v. Crawford,* 260 N.C. 548, 133 S.E. 2d 232. "Carnal knowledge" is effected in law if there is the slightest penetration of the female sex organ by the male sex organ. *State v. Sneeden,* 274 N.C. 498, 164 S.E. 2d 190; *State v. Jones,* 249 N.C. 134, 105 S.E. 2d 513. The provisions of G.S. 15-169

and G.S. 15-170 are pertinent to decision of this assignment of error and are set out below.

> § 15-169. Conviction of assault, when included in charge.—On the trial of any person for rape, or any felony whatsoever, when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, if the evidence warrants such finding; and when such verdict is found the court shall have power to imprison the person so found guilty of an assault, for any term now allowed by law in cases of conviction when the indictment was originally for the assault of a like character.

> § 15-170. Conviction for a less degree or an attempt.— Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime.

The case of *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545, involved a charge of armed robbery, one of the felonies included within the provisions of G.S. 15-169. The Court there considered the sufficiency of the evidence to support a conviction of a lesser included offense, and stated:

> ". . . The notable fact here is that the crime of robbery *ex vi termini* includes an assault on the person.

> . . . .

> ". . . Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and reject it in part will not suffice."

This Court considered the same question in *State v. Jones, supra.* There the State's evidence tended to show that defendant, who lived in the same apartment building, found an eight-year old girl alone in her parents' apartment. He removed her clothes and carnally abused her. He told the child that "if she told it he was going to kill her." The defendant contended that

the trial judge erred because he instructed the jury to return one of three possible verdicts, to wit: (1) guilty of rape, (2) guilty of rape with recommendation that the punishment be imprisonment in State's Prison for life, and (3) not guilty. The Court, rejecting defendant's contention, stated:

". . . [T]he State's evidence was positive as to each and every element of the crime charged in the bill of indictment. There was no conflict in the evidence relating to any element of the crime charged. . . . Disbelief of the testimony of the child as to any essential element of the crime charged in the bill of indictment would not warrant a conviction for a lesser offense but would require a verdict of not guilty."

In *State v. Williams*, 275 N.C. 77, 165 S.E. 2d 481, we find the following statement:

"All the evidence is to the effect that each defendant had actual sexual intercourse with (prosecutrix) and that she, kidnapped, captive and helpless, submitted solely because fearful of death or serious bodily harm if she resisted. There is no particle or trace of evidence that (she) at any time willingly permitted either defendant to have sexual intercourse with her. . . . There being no evidence that would warrant a verdict of guilty of the included crime of assault with intent to commit rape, the court properly refused to instruct the jury with reference to such verdict."

[3] In instant case defendant offered no evidence. Nor did his counsel by cross-examination elicit evidence which conflicted with testimony as to any element of the crime. Each element of the crime of rape is supported by testimony in the record. Disbelief of testimony relating to any essential element of the crime charged would require a verdict of not guilty.

There was no error in the court's failure to instruct the jury on the crimes of assault with intent to commit rape and of assault on a female.

Defendant next contends that the court erred by not fully explaining the presumption of innocence and reasonable doubt.

State v. Flippin

Judge Exum instructed the jury as follows:

"Under our system of justice when a defendant's plea is not guilty he is not required to prove his innocence. He is presumed to be innocent.

The State must prove to you that the defendant is guilty beyond a reasonable doubt. If after weighing and considering all of the evidence you are fully satisfied and entirely convinced of the defendant's guilt then you would be satisfied beyond a reasonable doubt. On the other hand if you have any doubt based on reason and common sense arising from the evidence in the case or the lack of evidence as to any fact necessary to constitute guilt you would have a reasonable doubt and it would be your duty to give the defendant the benefit of that doubt and find him not guilty.

In Strong's, 3 North Carolina Index, 2d, Criminal Law, § 112, p. 3, it is stated:

There are no stereotyped forms of instructions. The trial judge has wide discretion in presenting the issues to the jury, so long as he charges the applicable principles of law correctly, and states the evidence plainly and fairly without expressing an opinion as to whether any fact has been fully or sufficiently proved.

See also: *State v. Mundy,* 265 N.C. 528, 144 S.E. 2d 572.

[4]   Absent request, the court is not required to define reasonable doubt, *State v. Potts,* 266 N.C. 117, 145 S.E. 2d 307; however, when it does define the term, the definition must be substantially correct. *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133. In the case of *State v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146, this Court approved a similar instruction as to presumption of innocence and definition of reasonable doubt:

" . . . 'The defendant is presumed to be innocent, and this presumption goes with him throughout the entire trial and until the jury is satisfied beyond reasonable doubt of his guilt; not satisfied beyond any doubt, or all doubt, or a vain or fanciful doubt, but rather what the term implies, a reasonable doubt, one based upon common sense and reason, generated by insufficiency of proof.' . . . . "

See also *State v. Schoolfield,* 184 N.C. 721, 114 S.E. 466; *State v. Hege,* 194 N.C. 526, 140 S.E. 80.

[5] When the trial judge charges correctly on reasonable doubt, he is not required to charge on the presumption of innocence unless there be a special request for such charge. *State v. Perry*, 226 N.C. 530, 39 S.E. 2d 460; *State v. Alston*, 210 N.C. 258, 186 S.E. 354. In instant case defendant did not request such an instruction.

[6] The charge given by Judge Exum concerning reasonable doubt was clearly and concisely stated, and is in substantial accord with the definitions approved by this Court. This assignment of error is overruled.

[7] Finally, defendant says that the court erred in failing to answer an inquiry by the foreman of the jury regarding parole.

After the jury retired, they returned for further instructions, and the record discloses the following colloquy:

COURT: Members of the jury, I understand you have a question for the Court?

FOREMAN: Your Honor, we just in our discussion, we would like to know, should the verdict be guilty with a recommendation for mercy, would this person be eligible for parole, can you give us an idea on that?

COURT: No, members of the jury, I could not enlighten you on that. This is a matter that you should not be concerned with and are in law not concerned with. As I said, if you return a verdict of guilty with a recommendation of life imprisonment the punishment will be life imprisonment and that is as much as I can tell you.

FOREMAN: Then it is not a standard procedure that you serve so many years then you come up for parole?

COURT: I have told you all that I can tell you about it.

In the case of *State v. Conner*, 241 N.C. 468, 85 S.E. 2d 584, the defendant was charged with the capital crime of murder. At trial the jury, after some deliberation, returned to the courtroom, and one of the jurors asked the court this question: "Will the defendant be eligible for parole if he were given life imprisonment?" To the inquiry the court replied without further elaboration: "Gentlemen, I cannot answer that question."

In granting a new trial because the trial judge did not instruct the jury that the question of eligibility for parole was not a proper matter for them to consider, the Court stated:

> "It may be conceded as an established rule of law that where, as here, a jury is required to determine a defendant's guilt and also to fix the punishment as between death and life imprisonment, to permit factors concerning the defendant's possible parole to be injected into the jurors' deliberations by argument of counsel or comment of the court is considered erroneous as being calculated to prejudice the jury and influence them against a recommendation of life imprisonment. *S. v. Dockery*, 238 N.C. 222, 77 S.E. 2d 664; . . . .
>
> . . . .
>
> "The jurors should have been given a positive instruction to put the irrelevant question, and matters relating thereto, out of their minds; . . . . "

Judge Exum properly declined to answer the foreman's question and adequately instructed the jury that the question of eligibility for parole was not a proper matter for their consideration.

A careful examination of this entire record discloses no prejudicial error.

No error.