STATE OF NORTH CAROLINA v. FAISON HICKS

No. 727SC736

(Filed 22 November 1972)

1. **Criminal Law § 51— expert testimony — failure to make finding of expertise — no error**

    Though the trial court did not enter a finding in the record that a witness was an expert and qualified to give his opinion, there was no error in allowing the witness to testify for the State that in his opinion the vegetable matter defendant was charged with selling was marijuana since there was evidence that the witness was an expert and since defendant made no objection to the testimony at the time it was given.

2. **Criminal Law § 112— failure to charge on reasonable doubt — no error**

    The trial court did not commit reversible error in failing to define the term "reasonable doubt" in a prosecution for the felonious sale of marijuana.

APPEAL by defendant from *Fountain, Judge,* 27 March 1972 Session of Superior Court held in NASH County.

Defendant was tried under a bill of indictment, proper in form, charging him with feloniously selling "a quantity of narcotic drugs to wit: marijuana in excess of one gram. . . . " The jury found defendant guilty as charged and judgment imposing an active prison sentence was entered. After being processed into the prison system, defendant wrote letters to the solicitor and clerk of court expressing a desire to appeal. These letters were treated as a notice of appeal.

Defendant's appeal was perfected by privately retained counsel who did not appear for him at the trial.

*Attorney General Morgan by Assistant Attorney General Magner for the State.*

*Biggs, Meadows & Batts by Charles B. Winberry for defendant appellant.*

GRAHAM, Judge.

[1] Defendant's first contention is that the court erred in permitting a forensic chemist to testify for the State that in his opinion the vegetable matter defendant was charged with selling was marijuana. The basis of this contention is the trial court's

failure to enter a finding in the record that the witness was an expert and qualified to express an opinion. There was plenary evidence tending to show that the witness was an expert in the field of chemistry and that he possessed appropriate qualifications to give his opinion that the substance in question was marijuana. He testified that his opinion was based on a microscopic visual examination of the substance and two separate tests which he performed. Defendant did not object to any of the witness's testimony; nor did he request the court to enter findings as to the qualification of the witness as an expert. Under these circumstances, it was not necessary that the trial judge enter findings in the record relating to the witness's qualifications before allowing him to express his opinion. *State v. Perry,* 275 N.C. 565, 169 S.E. 2d 839; *State v. Johnson,* 13 N.C. App. 323, 185 S.E. 2d 423; Stansbury, N. C. Evidence 2d, § 133.

[2]  Defendant's remaining contention is that the court committed error in failing to define the term "reasonable doubt." It is well settled in this jurisdiction that the failure of a trial judge to define the term "reasonable doubt," absent a request that he do so, is not reversible error. *State v. Potts,* 266 N.C. 117, 145 S.E. 2d 307; *State v. Browder,* 252 N.C. 35, 112 S.E. 2d 728; *State v. Lee,* 248 N.C. 327, 103 S.E. 2d 295.

Defendant's counsel candidly concedes that the law presently prevailing in this jurisdiction does not support either of his contentions. We have examined his forceful argument that new rules should be formulated. Even if this Court had the authority to do so, which it does not, we would not be inclined to disturb the well established principles applicable to the contentions raised on this appeal.

No error.

Judges VAUGHN and HEDRICK concur.