STATE OF NORTH CAROLINA v. JOHN WILLIE JACKSON

No. 7318SC260

(Filed 23 May 1973)

1. Criminal Law § 66— out of court identification of defendant — admissibility of evidence as to procedure

In a prosecution charging defendant with felonious breaking or entering and assault with intent to commit rape where the evidence tended to show that on the same afternoon of the alleged offense the victim picked defendant's photograph out of several hundred shown her at the police department and on the following day pointed defendant out to police on the street where he was working with several others, the out of court identification procedure was in all respects proper and the court's admission of the testimony describing such procedure was not error.

**2. Criminal Law §§ 42, 84— defendant's clothing — seizure under warrant — admissibility of evidence without voir dire**

　　Where a detective testified that he obtained a search warrant for defendant's residence after defendant had been arrested, defendant objected to testimony describing the fruits of the search, the trial judge examined the search warrant produced by the State and held it to be proper, there was no necessity for a *voir dire,* and it was not error to admit into evidence articles of clothing seized after a search of defendant's premises.

**3. Rape § 1— definition of rape proper**

　　The trial court's definition of rape as forcible sexual intercourse with a woman against her will was proper.

**4. Burglary and Unlawful Breakings § 7; Rape § 6— necessity for submitting lesser degrees of crime charged**

　　In a prosecution for felonious breaking and entering and assault with intent to commit rape where defendant did not testify or offer evidence or by cross-examination elicit evidence in conflict with testimony as to any element of the crimes charged, the trial court did not err in failing to submit to the jury the lesser included offenses of non-felonious breaking or entering or assault on a female.

APPEAL by defendant from *Exum, Judge,* 18 September 1972 Session of Superior Court held in GUILFORD County, High Point Division.

Defendant, John Willie Jackson, was charged in separate bills of indictment, proper in form, with felonious breaking or entering and assault with intent to commit rape.

Defendant pleaded not guilty, whereupon, the State offered evidence tending to show the following:

At about 1:35 p.m., 19 April 1972, the victim named in the indictment was alone in her residence at 1018 West College Drive in High Point and was preparing to take a shower. One door of the residence was unlocked. The victim undressed and was about to step into the shower when she remembered that she needed some clothing. She wrapped a towel around her body and was removing clothing from a drawer when she saw a negro male standing in her home. The witness testified:

　　"I asked him what he was doing in my home and he lunged toward me and I tried to close the sliding door the rest of the way, closed the door on his arm. His arm was sticking into the bathroom about up to here (indicating elbow). His arm was bare. There was no sleeve on it. * * *

> After that, he pushed me back and hit me on the left side of my head, grabbed my arm here, pushed me to the floor, took my towel and put it over my face."

The victim began screaming and was told that she would be killed if she continued to move or scream. The assailant stood on her ankles and was "fooling around with his clothes." He then dragged her by the arm and threw her onto the bed. She testified:

> "During this time, I was screaming and saying, 'Oh, God, no, don't do this,' and at the time he threw me on the bed he said, 'I will kill you,' and he put his hands and fingers on my throat and I thought he was going to choke me. * * * Then he took the towel again and put it over my face. After that, he undid his clothing, his pants, and he proceeded to try to have—I know he undid his pants because I heard his zipper opening and he proceeded to try to have sexual relations with me. Yes, he did get on top of me. Yes, I was lying on my back. In relationship to my body, his was right on top of me. Yes, he tried to have sexual relations with me. No, no part of his body actually penetrated mine."

Defendant abandoned his attack on the prosecutrix and fled from the house when he heard a car door slam.

The police were called immediately and arrived at the victim's home within approximately ten minutes. That same afternoon the prosecutrix picked defendant's photograph out of several hundred shown to her at the police department, and on the following day she pointed defendant out to the police on the street where he was working with several other black males.

Defendant offered no evidence and was found guilty as charged in each bill of indictment. From judgments imposing prison sentences of from 12 to 15 years on the charge of assault with intent to commit rape and 10 years on the charge of felonious breaking or entering, to run concurrently with the former sentence, defendant appealed.

*Attorney General Robert Morgan and Ruth G. Bell, Attorney, for the State.*

*Richard S. Towers, Assistant Public Defender, for defendant appellant.*

---

State v. Jackson

---

HEDRICK, Judge.

[1]  Based on assignments of error one and two, defendant contends the trial court erred in not finding that the victim's in-court identification of the defendant was tainted by "questionable and illegal extrajudicial viewings of the defendant."

Defendant did not object to the victim's in-court identification of him as the man who broke into her home and attempted to rape her. Where a defendant fails to object to an in-court identification of him as the perpetrator of the crime charged, there is no necessity or requirement that the trial judge make findings as to whether such identification is tainted by some out of court identification procedure.

The two exceptions upon which these assignments of error purport to be based relate to the admissibility of evidence concerning the out of court identification procedure. Clearly, the out of court identification procedure followed by the police was in all respects proper, and the court's admission of the testimony describing such procedure was not error.

[2]  Based on assignments of error three and four, defendant contends the court erred in not conducting a *voir dire* hearing to determine the validity of a search warrant used by officers in searching defendant's home and in admitting into evidence certain articles of clothing seized in the search. We do not agree.

Detective Pike testified that after defendant was arrested, he obtained a search warrant for defendant's residence. The record reveals that when defendant objected to testimony describing the fruits of the search, the trial judge examined the search warrant produced by the State, held it to be proper, and overruled the objection.

Under the circumstances, therefore, there was no necessity for a *voir dire;* and it was not error to admit into evidence articles of clothing seized after a search of defendant's premises.

Defendant contends the trial court erred in failing to instruct the jury that testimony of police officers as to statements made to them by the victim were admissible for the purpose of corroboration.

Although the word "corroboration" was not employed by the court in the challenged instruction, the import of the charge is clear and without prejudicial error.

[3] Next, defendant contends the court erred in defining rape as forcible sexual intercourse with a woman against her will. In *State v. Flippin,* 280 N.C. 682, 684, 186 S.E. 2d 917, 919 (1972), Justice Branch defines rape as "the carnal knowledge of a female person by force and against her will." In 6 Strong, N. C. Index 2d, Rape and Allied Offenses, § 1, it is stated:

> "The terms 'carnal knowledge' and 'sexual intercourse' are synonymous, and are effected in law if there is the slightest penetration of the sexual organ of the female by the sexual organ of the male."

This assignment of error has no merit.

[4] Defendant contends the trial court erred in failing to instruct the jury on the lesser included offenses of non-felonious breaking or entering and assault on a female.

Defendant did not testify or offer evidence, nor did he by cross-examination elicit evidence in conflict with testimony as to any element of the crimes charged. Disbelief of any of the evidence relating to the essential elements of the crimes charged would require a verdict of not guilty. Therefore, under the circumstances, the court did not err in failing to submit to the jury the lesser included offenses of non-felonious breaking or entering or assault on a female. *State v. Flippin, supra.*

Defendant has additional assignments of error which we have carefully examined and hold to be without merit. The defendant had a fair trial free from prejudical error.

No error.

Judges CAMPBELL and PARKER concur.