State v. Berry

STATE OF NORTH CAROLINA v. RUDOLPH BERRY, JR.

No. 745SC836

(Filed 18 December 1974)

1. **Criminal Law § 76— admissibility of confession — examination of witness by court on voir dire**

    The trial court did not show partiality or bias during a voir dire examination to determine admissibility of defendant's confession where the court asked questions of the officer who obtained the confession but asked defendant no question.

2. **Criminal Law § 80— testimony from card — proper method of refreshing memory**

    The trial court did not err in permitting a witness to use a card as a memorandum to refresh his memory.

3. **Criminal Law § 112— reasonable doubt — request for definition required**

    Where defendant did not request that the term "reasonable doubt" be defined, failure of the trial court to include a definition of the term in the charge was not error.

APPEAL by defendant from *Winner, Judge*, 24 June 1974 Criminal Session of Superior Court held in NEW HANOVER County.

Defendant was charged in a single bill of indictment with (1) felonious breaking and entering with intent to commit larceny, and (2) larceny of $18. He pled not guilty, was convicted on both counts, and judgment was entered imposing prison sentence of 10 years. From the entry of said judgment, defendant appeals.

*Attorney General James H. Carson, Jr., by Associate Attorney Thomas M. Ringer, Jr., for the State.*

*Charles E. Sweeny, Jr., for the defendant appellant.*

BRITT, Judge.

By his first assignment of error, defendant contends the trial court violated G.S. 1-180 by certain statements made to defendant's counsel during the trial. We have carefully reviewed the record with respect to the statements complained of and conclude that they were not improper. The assignment of error is overruled.

State v. Berry

[1]  By his second assignment of error, defendant contends the court erred in failing to suppress evidence relating to a confession made by defendant, and allowing said evidence to be admitted, for the reason that the court showed bias and partiality during the voir dire examination. We find no merit in this assignment.

The record discloses: A voir dire was conducted in the absence of the jury. Officer McLaurin testified that he interrogated defendant in jail after fully informing defendant of his Miranda rights and after defendant had executed a written waiver of his rights. The officer was examined by the prosecuting attorney and cross-examined by defendant's attorney, after which the court asked the officer several questions. Defendant also testified on voir dire but the court asked him no questions. The court then made findings of fact to the effect that defendant was fully advised of his rights; that he affirmatively waived those rights in writing; and that at the time his rights were explained to him and at the time he made a statement with respect to this case, defendant was rational, understood what he was doing, and made the statement freely, understandingly and voluntarily; the court then concluded as a matter of law that the statement made to the officer was admissible in evidence.

We perceive nothing improper about the court's questions to the officer. The trial judge is under a duty to make findings of fact as to the admissibility of a confession. 1 Stansbury's North Carolina Evidence § 187 (Brandis rev. 1973). If he is not given reasonable latitude in questioning witnesses, the voir dire would serve no useful purpose. The assignment of error is overruled.

[2]  By his third assignment of error, defendant contends that the trial judge erred in permitting witness McLaurin to testify from an unidentifed card without any foundation having been laid. The record discloses that the witness was using the card as a memorandum to refresh his memory. The rule is stated as follows:

> . . . In the ordinary case the device used for stimulating the memory is a memorandum or other writing made by the witness himself, . . . or by another in his presence . . . . In any event the evidence consists of the testimony of the witness, and not of the device by which his memory is

revived, and cross-examination is always available to bring to light any improper practice or suspicious circumstance. 1 Stanbury's North Carolina Evidence § 32, at 86-7 (Brandis rev. 1973).

We hold that the court did not err in allowing the witness to use the memorandum to refresh his memory.

By his fourth assignment of error, defendant contends that the trial court erred in failing to grant his motion for nonsuit. This assignment is based on the assumption that the court erred in holding that defendant's confession was voluntary and admissible. Since we have held that the court did not err in its finding with respect to the confession, we hold that it did not err in denying the motion for nonsuit.

[3] Defendant contends in his sixth assignment of error that the court erred in not defining "reasonable doubt" in the jury charge. There was no request that the term "reasonable doubt" be defined and, absent such request, the failure to include a definition of the term in the charge was not error. *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971) ; *State v. Hicks,* 16 N.C. App. 635, 192 S.E. 2d 597 (1972).

We have carefully considered the other contentions argued in defendant's brief but find them also to be without merit.

No error.

Judges HEDRICK and MARTIN concur.