State v. Cantrell

STATE OF NORTH CAROLINA v. JAMES FRANKLIN CANTRELL

No. 7426SC949

(Filed 5 February 1975)

1. Assault and Battery § 15; Criminal Law § 112— failure to charge on presumption of innocence — self-defense — burden of proof

   The trial court in a felonious assault prosecution did not shift the burden of proof to defendant by instructing on self-defense without reiterating the presumption of innocence where the court repeatedly instructed the jury that the burden of proof was on the State.

2. Assault and Battery § 15— self-defense — instructions on apparent necessity

   In a felonious assault prosecution, the trial court's instructions on self-defense effectively conveyed to the jury that it must determine the reasonableness of defendant's belief in the necessity of force from the circumstances as they appeared to him at the time.

APPEAL by defendant from *Falls, Judge,* 29 July 1974 Session of Superior Court held in MECKLENBURG County. Heard in the Court of Appeals 23 January 1975.

Defendant was tried on an indictment charging him with assault with a deadly weapon with intent to kill John William Cohens, inflicting serious bodily injury not resulting in death, by shooting him twice in the chest.

The incident occurred on 2 February 1974 at Cohens' home in Charlotte. Witnesses for the State, who were present at the time of the shooting, gave testimony tending to show that Cohens and his wife were having a party when defendant Cantrell arrived, entered the house, and was told by Cohens to leave. Cohens escorted Cantrell out of the house. Witnesses heard what sounded like firecrackers and found Cohens on the front porch with two bullet wounds in his chest. They took a .22 caliber pistol from Cantrell, who fled but was stopped at the street by Cohens' wife.

Defendant Cantrell testified that he had been invited to the party by Cohens' sister but when he arrived was told by Cohens that he would have to leave. As he reached the door, Cohens grabbed him and tried to throw him off the porch, whereupon defendant drew a gun and shot Cohens. Then Cohens' wife and sister-in-law threw him off the porch and beat him with his crutch.

State v. Cantrell

The jury found defendant guilty as charged. From judgment imposing a sentence of eighteen to twenty years imprisonment, defendant appealed to this Court.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Clayton S. Curry, Jr., for defendant appellant.*

ARNOLD, Judge.

**[1]** Defendant's two assignments of error relate to the charge of the court. He first contends that the court shifted the burden of proof to defendant by instructing on the defense of self-defense and its applicability to the offense charged and lesser included offenses without reiterating the presumptions of innocence. We disagree. The Court repeatedly instructed that the burden of proof was on the State, and that the defendant should be acquitted if there was any reasonable doubt of his guilt. "Reasonable doubt" was fully defined. The charge was sufficient. *State v. Flippin,* 280 N.C. 682, 186 S.E. 2d 917. *See also* 3 Strong N. C. Index 2d, Criminal Law, § 112, pp. 4-5.

**[2]** Defendant's contention that the trial court's definition of the defense of self-defense was erroneous is equally without merit. Read as a whole, the language used effectively conveyed to the jury that it must determine the reasonableness of defendant's belief in the necessity of force from the circumstances as they appeared to him at the time of the assault. *See State v. Jackson,* 284 N.C. 383, 200 S.E. 2d 596; *cf. State v. Francis,* 252 N.C. 57, 112 S.E. 2d 756.

We find no error.

No error.

Judges VAUGHN and MARTIN concur.